(2 App. Div. 513.)

### LENNON v. GRAUER.

(Supreme Court, Appellate Division, First Department. March 20, 1896.)

FORGED NOTE—LIABILITY OF INDORSER.

An indorser of a note is liable to a bona fide purchaser, though the instrument was a forgery.

Appeal from circuit court, New York county.

Action by William F. Lennon against George Grauer and others. The trial was had, and verdict ordered against Grauer alone. From the judgment for plaintiff, and an order denying a new trial, defendant Grauer appeals. Affirmed.

The action was brought upon a promissory note for $1,200, alleged to have been made by Mary Hines, and indorsed by John Graff, M. Gartner, the defendant Grauer, and the Spencer Needham Company, and held by plaintiff. The action was, in form, against the maker and all the indorsers; but the trial was had, and the verdict was ordered, against the defendant Grauer alone. Upon the trial the plaintiff gave evidence tending to show that the in-

dorsement of Grauer upon the note was in his handwriting. Indeed, his indorsement was hardly denied in his answer. Plaintiff also gave evidence tending to show that he purchased the note of the Spencer Needham Company, and paid full value for it before its maturity; that it was duly protested when due, and notice given to defendant Grauer. The note was put in evidence, and the plaintiff rested. The defendant Grauer was sworn, but would not say that the indorsement of his name on the note was not in his own handwriting. The defendant offered to prove that the note was never given by the alleged maker thereof. The court held that such proof was immaterial, so long as it appeared that the plaintiff was a bona fide purchaser of the note before maturity. The defendant stated that he made no requests to go to the jury, and thereupon the court ordered a verdict for the plaintiff. There was no exception to the direction of the verdict, but there was an exception to the denial of the motion for a new trial.

Argued before VAN BRUNT, P. J., and BARRETT, RUMSEY, WILLIAMS, and PATTERSON, JJ.

Delos McCurdy, for appellant.

William M. Cather, for respondent.

WILLIAMS, J. There was evidence tending to show that the defendant Grauer indorsed the note, that it was transferred to plaintiff before maturity for full value and without notice to him of any infirmity in the note, and that it was duly protested when due, and notice given to the defendant. The court found these facts to be true, the defendant not desiring to go to the jury. The only question, therefore, for consideration on this appeal, is whether the fact sought to be proved by the defendant, that the note was never given by the maker, never signed or delivered by her, was material, or would, if proved, have constituted a defense to the action, in view of the facts so found by the court. There is no doubt as to the law with reference to this question. In Turnbull v. Bowyer, 40 N. Y. 456, it was held that an indorsement of negotiable paper was a warranty, in law, by the indorser, to the holder in good faith, that the paper itself, and all the antecedent indorsements, were genuine; and, even if they were all shown to be forgeries, the indorsers would be liable to the holder for the amount of the paper.

The case was properly disposed of by the trial court, and the judgment and order should be affirmed, with costs. All concur.